Anthony M. Rainone, Esq. (arainone@bracheichler.com)
Eric Magnelli, Esq. (emagnelli@bracheichler.com)
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey  07068-1067
Telephone:  (973) 228-5700
*Attorneys for Plaintiff Mark D. Weller*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK D. WELLER,<br><br>　　　　　*Plaintiff*,<br><br>v.<br><br>LINDE PENSION EXCESS PROGRAM; and  JOHN DOES 1-V,<br><br>　　　　　*Defendants*. | Civil Case No. 2:16-cv-4254<br><br>**COMPLAINT &<br>JURY DEMAND** |

Plaintiff Mark D. Weller ("Plaintiff" or "Weller"), by and through his attorneys Brach Eichler L.L.C., brings the following Complaint against Defendants Linde Pension Excess Program (the "Program") and John Does I-V (collectively, "Defendants") and alleges as follows:

**NATURE OF THE ACTION**

1.　This action is brought pursuant to the Employee Retirement Income Security Act ("ERISA") § 502(e)(1), 29 U.S.C. § 1132(e)(1).  The Program has paid Plaintiff only a portion of the deferred compensation benefits due and owing to him under the terms of the Program, in violation of ERISA § 2, *et seq.*, 29 U.S.C. § 1001, *et seq*.  As a result, Plaintiff seeks to recover the deferred compensation benefits due and owing to him under the terms of the Program in addition to attorneys' fees and costs allowable under ERISA § 5021(g)(1), 29 U.S.C. § 1132(g)(1).

## PARTIES

2. Plaintiff is a citizen of the State of Ohio, residing at 3025 Glengary Road, Shaker Heights, Ohio, 44120.

3. The Program is an unfunded, non-qualified deferred compensation plan, maintained by Plaintiff's employer, Linde North America, Inc. ("Linde"), primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees.

4. Upon information and belief, the Program is administered out of Linde's regional headquarters at 575 Mountain Avenue, Murray Hill, Union County, New Jersey.

5. The Program is subject to ERISA's administration, reporting and disclosure requirements, in addition to the enforcement provisions under ERISA § 502(a), 29 U.S.C. § 1132(a).

6. John Does I-V are those individuals that are in control of the administration of the Program.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to hear and determine the matters set forth herein pursuant to the provisions of ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

8. Venue is properly founded in the District of New Jersey pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because this is the judicial district in which the Program is administered, where the denial of benefits took place and where the Program is located.

9. Venue is properly founded in the Newark vicinage because a substantial part of the events and/or omissions giving rise to the claims occurred at the Program's regional headquarters at 575 Mountain Avenue, Murray Hill, Union County, New Jersey.

## THE FACTS

10. Plaintiff is a former employee of Linde.

11. As a Linde employee, Plaintiff was a participant in the Program, which Linde maintained for a select group of management or highly compensated employees eligible for the Cash Balance Retirement Plan formula of the Linde Pension Plan (the "Plan").

12. Because Plaintiff's 2015 earnings were in excess of the annual Internal Revenue Code § 401(a)(17) limits, Plaintiff is entitled to an excess benefit amount above the annual Section 401(a)(17) limits in accordance with the terms of the Program.

13. Specifically, under the terms of the Program, Plaintiff is entitled to a benefit amount, which is equal to the amount of Annual Service Credit (8%) plus an additional 3% (company cash contribution) that Plaintiff would have received in the Plan on Plaintiff's covered earnings above the annual Section 401(a)(17) limits.

14. Thus, Plaintiff is entitled to 11% of his earnings in excess of the Section 401(a)(17) limits.

15. Plaintiff's employment with Linde ended on August 31, 2015.

16. Plaintiff's wages for 2015 was $1,457,231.08, which are covered earnings under the Program.

17. Upon information and belief, the Section 401(a)(17) limits for the 2015 calendar year was $265,000.00.

18. As a result, and in accordance with the terms of the Program, Defendant was required to pay Plaintiff a deferred compensation benefit of 11% of $1,192,231.08 – Plaintiff's excess earnings above the $265,000 limitation.

19. Thus, Plaintiff was entitled to a benefit in excess of $130,000.00 under the terms of the Program.

20. Defendant, however, paid Plaintiff only a portion of the benefits due and owing to him, calculating Plaintiff's total 2015 wages as only $437,369.93, as opposed to $1,457,231.05.

21. Defendant's inaccurate calculation of Plaintiff's excess earnings resulted in Defendant paying Plaintiff only $18,960.69, which is more than $110,000.00 less than what is due and owing to Plaintiff.

22. Plaintiff properly submitted a claim for benefits in accordance with the procedural requirements established by the Program by requesting that the officer and department that handle employee benefit matters pay Plaintiff the full amount of benefits due in accordance with the Program.

23. Notwithstanding, the Program unlawfully denied Plaintiff his plan benefits by failing and refusing to pay Plaintiff the full amount of benefits under the terms of the Program.

24. Plaintiff has timely exercised and exhausted all administrative remedies, if any, prescribed by the Program.

25. Plaintiff is excused from exhausting any further administrative remedies because: (i) any further attempts would be futile and the remedy inadequate; and (ii) Plaintiff has been denied meaningful access to the Program's review process.

## COUNT I
### (ERISA § 502(a)(1)(B): Failure to Pay Benefits)

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in all of the foregoing paragraphs as if fully set forth at length herein.

27. The Program is an unfunded, non-qualified deferred compensation plan, maintained primarily for the purpose of providing deferred compensation for a select group of

management or highly compensated employees such as Plaintiff and subject to ERISA's enforcement provisions.

28. Plaintiff is a participant under the terms of the Program.

29. As a participant, Plaintiff is entitled to plan benefits in an amount in excess of $130,000.00.

30. Plaintiff properly made a claim for benefits with the Program.

31. The Program unlawfully denied Plaintiff his plan benefits by failing and refusing to pay Plaintiff the full amount of benefits under the terms of the Program.

32. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) allows Plaintiff to bring a civil action to recover benefits due to him under the terms of the Program plan and to enforce his rights under the terms of the Program.

33. Plaintiff timely exercised and exhausted all administrative remedies prescribed by the Program.

34. Plaintiff requested that he be paid in accordance with the terms of the Program but Defendants have failed and refused to do so.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court enter judgment against Defendants, awarding Plaintiff the following relief:

A. Recovery of the full amount of benefits under the terms of the Program and ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

B. Pre- and post-judgment interest;

C. Attorneys' Fees and costs of suit pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1); and

- 6 -

      D.    Such other and further relief that the Court deems equitable, just and proper.

### JURY DEMAND

Plaintiff respectfully demands a trial by jury of all issues triable to a jury.

                                  **BRACH EICHLER L.L.C.**
                                  *Attorneys for Plaintiff Mark D. Weller*

Dated:  July 13, 2016                        By:   *s/ Eric Magnelli*
                                                                Eric Magnelli, Esq.

### CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I, Eric Magnelli, Esq., hereby certify that the matter in controversy is not the subject of any other action pending in any court, or the subject of any pending arbitration or administrative proceeding.

Dated: July 13, 2016                         By:   *s/ Eric Magnelli*
                                                               Eric Magnelli, Esq.