**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK D. WELLER, <br><br> Plaintiff, <br><br> v. <br><br> LINDE PENSION EXCESS PROGRAM; LINDE NORTH AMERICA INC.; and JOHN DOES 1-V, <br><br> Defendants. | Civil Action No. 2:16-cv-04254 (JLL) (JAD) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendants' Motion to Dismiss (ECF No. 17, "Defs.' Mot. Dismiss") Plaintiff Mark D. Weller ("Plaintiff" or "Weller")'s Amended Complaint (ECF No. 12, "Am. Compl.") pursuant to Federal Rules of Civil Procedure 12 (b)(1) and 12(b)(6). Defendants are Linde Pension Excess Program (the "Program"), Linde North America Inc. ("Linde"), and John Does 1-V("John Does")(collectively "Defendants"). In accordance with Fed. R. Civ. P. 78, the Court has considered the submissions of the parties and decides this matter without oral argument. For the reasons set forth below, the Court denies Defendants' Motion to Dismiss.

## BACKGROUND

This matter revolves around the alleged nonpayment of deferred employee compensation benefits by Defendants to Plaintiff. Defendant Linde employed Plaintiff until August 31, 2015. Defs.' Mot. Dismiss 3. Linde provides from its employees the opportunity to participate in the Program and the Line Pension Plan (the "Pension Plan"). During his employment, Plaintiff participated in the Program. Id.

### The Program

The Program is a benefit plan offered by Linde to "a select group of management or highly compensated employees." Defs.' Mot. Dismiss 2; Pl.'s Opp'n Defs.' Mot. Dismiss 3, ECF No. 21. In accordance with the terms of the Program, participants receive an annual distribution in an amount equal to a percentage of the participant's earnings in excess of the limitation as provided by Internal Revenue Code, 26 U.S.C. § 401 (a)(17) (the "Section 401(a)(17) limit"). Defs.' Mot. Dismiss 3. The Section 401(a)(17) limit deducted from employee earnings for 2015 was $265,000. Defs.' Mot. Dismiss 2; Pl.'s Opp'n Defs.' Mot. Dismiss 4. The percentage included in the calculation is the sum of the Participant's Annual Service Credit and the Company Cash Contributions. Id. When calculating Plaintiff's 2015 Excess Benefit Amount, both parties agree that Plaintiff's Annual Service Credit equals 8% and his Cash Contributions equals 3% therefore 11% of Plaintiff's wages in excess of the Section 401 (a)(17) limit amounts to Plaintiff's Excess Benefit Amount. Am. Compl. ¶ 16; Defs.' Mot. Dismiss 2. The point of contention arises between the parties in what constitutes the covered earnings to be included in Plaintiff's Excess Benefit calculations for 2015. Defs.' Mot. Dismiss 3. Defendants provided Plaintiff with an Excess Benefit in the amount of $18,960.69. Id. In arriving at this figure, Defendants' calculations included the amount of $437,369.93 as Plaintiff's "covered earnings"

for 2015. Id. Plaintiff argues however that he is entitled to a deferred compensation benefit in excess of $130,000 because his "covered earnings" for 2015 amount to $1,457,231.08 as this figure should include $1,015,000 – the amount received by Plaintiff as a result of a confidential legal Settlement Agreement[1] (the "Agreement") between the Plaintiff and Linde. Id. Plaintiff argues that in accordance with the terms of the Program, Defendants were obliged to pay Plaintiff 11% of $1,192,231.08 – Plaintiff's earnings, in the amount of $437,369.93 plus $1,015,000, the amount received by Plaintiff under the Agreement, less $265,000, the Section 401 (a)(17) limit. Am. Compl. ¶ 22. Plaintiff's Amended Complaint alleges that Defendants miscalculated Plaintiff's 2015 wage payment by failing to include the settlement amount resulting in a lesser deferred compensation amount than he was entitled. Id. ¶ 4.

### The Agreement

"Before his last day of work with Linde, Weller, through counsel, delivered a letter to Linde dated May 22, 2015 asserting that Linde allegedly engaged in unlawful acts against him." Defs.' Mot. Dismiss 3. Linde denied Plaintiff's allegations in their entirety maintaining that the allegations lacked any legal or factual basis. Id. 3-4. Linde and Plaintiff eventually resolved the dispute amicably and on June 23, 2015 the parties executed a Settlement Agreement. Id. Under the terms of the Agreement, Weller received a payment of $1,015,000; Weller reported this payment on his 2015 W-2 form. Id.

### The Amended Complaint

Plaintiff filed a Complaint (ECF No. 1, "Compl.") with this Court on July 13, 2016 alleging the Program and John Does failed to pay the full amount of deferred compensation

---

[1] The Court notes that on December 20, 2016, Counsel was advised pursuant to Local Civil Rule 5.3(c)(2) that a single consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, however the Parties failed to file a motion to seal within the relevant time period. ECF No. 21.

benefits due and owing to Plaintiff for the year of 2015 under the terms of the Program in violation of the Employee Retirement Income Security Act of 1974 (ERISA), § 2 *et seq.*, 29 U.S.C. § 1001 *et seq.* Compl. ¶ 1. On September 23, 2013, Defendants filed a Motion to Dismiss (ECF No. 9) the aforementioned Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Thereafter, on October 13, 2016, Plaintiff filed the instant Amended Complaint, which includes the same claim under ERISA for recovery of benefits allegedly owed to him in accordance with the Program (Count I) and additional claims for Breach of Contract (Count II) and Breach of the Implied Covenant of Good Faith and Fair Dealing (Count III) against the Program and Linde.

Plaintiff's Amended Complaint asserts that in or about February 2016, he properly submitted a claim with the officer and department responsible for employee benefit matters, in accordance with the procedural requirements established by the Program and requesting that his covered earnings reflect an amount that includes the payment under the Agreement in the amount of $1,457,231.08. Am. Compl. ¶¶ 19, 26. Plaintiff claims that notwithstanding the aforesaid request Defendants denied him of the full amount of the benefits due and owing to him under the terms of the Program by failing to include the settlement payment in his covered earnings. Id. ¶ 27. Plaintiff asserts that after informing Defendants of their failure to properly compensate Plaintiff in accordance with the terms of the Program, in or around May 2016, Defendants instructed Plaintiff to appeal the denial of his claim under Article 12 of the Pension Plan. Id. ¶ 28. Plaintiff purports Article 12 of the Pension Plan, entitled "Transition Rules", does not include an Appeals Procedure and further that "the Program does not address, refer, cite or incorporate by reference the Pension Plan's Appeals Procedure, to the extent one exists." Id. ¶ 29. Plaintiff claims that shortly after Plaintiff notified Defendants of the absence of an Appeals Process, in or around June 2016, Defendants informed Plaintiff that the Program is not subject to

ERISA's claims procedures in contradiction to Defendants' previous assertion. Id. ¶ 5. Consequently, Plaintiff states "he is excused from exhausting any further administrative remedies, to the extent any exist, because due to the events described above: (i) any further attempts would be futile and the remedy inadequate; and (ii) Plaintiff has been denied meaningful access to the Program's review process." Id. ¶ 33.

Count I of Plaintiff's Complaint alleges that Defendants, the Program and John Does I-V, unlawfully denied Plaintiff his plan benefits by failing and refusing to pay Plaintiff the full amount of benefits under the terms of the Program. Id. ¶ 35. Plaintiff urges that the Program is subject to ERISA's enforcement provisions thereby authorizing Plaintiff to bring a civil action to recover benefits due to him under the terms of the Program pursuant to ERISA § 502 (a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Id. ¶¶ 35, 40. Plaintiff claims that he is entitled to plan benefits in excess of $130,000, but received $18,960.69. Id. ¶¶ 4, 37. Plaintiff contends to have properly made a claim for benefits with the Program and, timely exercised and exhausted administrative remedies provided for by the Program. Id. ¶¶ 38, 41.

Count II alleges Breach of Contract against the Program and Linde. In or around 2009, Plaintiff asserts that Defendants offered Plaintiff a deferred compensation plan – the Program Id. ¶ 44. And, through his continued employment with Linde, Plaintiff maintains to have accepted Defendants' offer. Id. As a result, Plaintiff asserts that the Program is valid and binding contract that was entered into between the Plaintiff and Defendants. Id. ¶ 45. Plaintiff alleges that since the settlement payment was not included in the calculation of his plan benefits, full payment has not been made under the terms of the contract and due to Defendants refusal to include the settlement amount after repeated requests, Defendants have substantially and materially breached the terms of the contract between the parties. Id. ¶¶ 45-48.

Count III sets forth a Breach of the Implied Covenant of Good Faith and Fair Dealing Against the Program and Linde. Plaintiff contends that Defendants failed to act fairly and in good faith in their performance under the terms of the contract with the Plaintiff by refusing to fully perform their contractual duties and pay the Plaintiff the full amount of compensation due under the terms of the Program. Id. ¶¶ 51-53. Plaintiff argues that as a result, Defendants' substantial and material breach violates the covenant of good faith and fair dealing, which is implied in every contract in the State of New Jersey. Id. ¶ 53.

Thereafter this Court granted Defendants' request for an extension of time to respond to Plaintiff's Amended Complaint. ECF No. 15. On November 18, 2016, Defendants filed the Motion to Dismiss Plaintiff's Amended Complaint currently pending before this Court. Plaintiff then filed a Brief in Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp'n Defs.' Mot. Dismiss", ECF No. 21) on December 20, 2016. Defendants filed a reply to Plaintiff's brief in opposition to Defendants' Motion to Dismiss (ECF No. 26, "Defs.' Reply Br.") on January 10, 2017.

For the reasons discussed below, the Court denies Defendants' Motion to Dismiss the Amended Complaint.

## **LEGAL STANDARD**

"Ordinarily, Rule 12(b)(1) governs motions to dismiss for lack of standing, as standing is a jurisdictional matter." *N. Jersey Brain & Spine Ctr.* v. *Aetna, Inc.*, 801 F.3d 369, 372 n.3 (3d Cir. 2015). However, when statutory limitations to sue are non-jurisdictional, as is the case where a party claims derivative standing to sue under ERISA § 502(a), a motion to dismiss challenging such standing is "properly filed under Rule 12(b)(6)." *Id.* Regardless, "a motion for

lack of statutory standing is effectively the same whether it comes under Rule 12(b)(1) or 12(b)(6)." *Id.* (citation omitted).

On a motion to dismiss for lack of standing, the plaintiff "bears the burden of establishing the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny Cnty. Ct. Com. Pl.*, 75 F.3d 834, 838 (3d Cir. 1996)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). "For the purpose of determining standing, [the court] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the complaining party." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003)(citing *Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).

For a complaint to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell. Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). When assessing the sufficiency of a complaint the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949.

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir. 2004); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)(noting that although generally, a district court ruling on motion to dismiss may not consider matters extraneous to pleadings, a "document integral to or explicitly relied upon in complaint may be considered without converting motion to dismiss into one for summary judgment")(citation omitted).

## **DISCUSSION**

Pursuant to 12 (b)(1) and 12(b)(6), Defendants move to dismiss Count I for lack of standing alleging the Program is not subject to ERISA, Counts I, II, and III for failure to state a claim upon which relief can be granted arguing that the settlement payment does not fall within the meaning of "covered earnings" as intended by the Program and lastly, in the alternative, Counts II and III pleading that if ERISA governs the Program, ERISA preempts Plaintiff's state law claims. *See* Defs.' Mot. Dismiss. For the reasons set forth below, the Court denies Defendants' Motion to Dismiss Count I and further declines to address Counts II and III as it is not clear if ERISA preemption applies at this stage in the matter.

### A. Standing

ERISA governs the rights and obligations of participants and beneficiaries of employee pension benefit plans. 29 U.S.C. § 1132 (a). Furthermore, ERISA applies to "any employee benefit plan if it is established or maintained . . . by any employer engaged in commerce . . ." *Deibler v. United Food & Commercial Workers' Local Union 23*, 973 F.2d 206, 209 (3d Cir.

1992). Section 502 (a)(1)(B) of ERISA permits "a participant or beneficiary to bring a civil action to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132 (a)(1)(B).

The implications of standing on a federal court's jurisdictional limitations are a function of whether or not the proper party is bringing the case rather than the issues sought to be adjudicated. *Flast v. Cohen*, 392 U.S. 83, 99, 88 S. Ct. 1942, 1952-53 (1968). The "gist of the question of standing is whether the party seeking relief has alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues." *Id.* 392 U.S. at 99 (quoting *Baker v. Carr*, 369 U.S. 186, 204(1962)(internal citations omitted)). To successfully establish standing, a Plaintiff must demonstrate the following three factors: (1) injury in fact; (2) causation; and (3) redressability by a favorable decision. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Nat'l Collegiate Athletics Ass'n v. Gov. of NJ*, 730 F.3d 208, 21 (3d Cir. 2013).

Defendants move to dismiss Count I of Plaintiff's Amended Complaint arguing Plaintiff lacks standing to bring a claim under ERISA § 502 (e)(1), 29 U.S.C. § 1132 (e)(1) because ERISA does not govern the Program. Defs.' Mot. Dismiss 4. Defendants offer the following two bases for this contention: (1) the Excess Benefits, as set forth by the Program, constitute a bonus for work performed; and (2) the Excess Benefits are paid annually rather than deferred until termination of employment or retirement. Id. 5-6. In support of the first basis, Defendants point to the Department of Labor's ("DOL") regulations which define employee "pension benefit plan" and "pension plan" to not include bonuses for work performed. Id. 5. In support of their second basis, Defendants rationalize that since the Excess Benefit under the Program is paid in a

lump sum by March 15 of the following calendar year, the Excess Benefit is not a retirement or deferral income as defined in 29 U.S.C. § 1002 (2)(A) and therefore does not fall within the purview of ERISA. Id. 7.

Plaintiff in turn argues that neither the Complaint nor the language in the Program references the Program as a bonus plan and rather the plain language of the Program indicates "the *'Pension'* Excess Program' document merely provides that deferred compensation is an 'Excess Benefit Amount.'" Pl.'s Opp'n Defs.' Mot. Dismiss 9-10. Plaintiff further claims that Defendants focus on whether or not the Program is in fact subject to ERISA as opposed to whether or not the Plaintiff has sufficiently alleged a cause of action able to survive a motion to dismiss as the issue of the applicability of ERISA to Program is more appropriate for the summary judgment stage as opposed to the motion to dismiss stage. Id. The Court agrees with the Plaintiff.

As a preliminary matter, since standing is a threshold jurisdictional issue, the Court addresses this contention before any arguments challenging Plaintiff's claim. See *In re RCN Litig.*, No. 04-5068 (SRC) U.S. Dist. LEXIS 12930, at *9 n.3 (D.N.J. Mar. 21, 2006)(citing *Miller v. Rite Aid Corp.*, 334 F.3d 335, 340-41 n.2 (3d Cir. 2003)). Defendants provide minimal, if any, supporting case law for their ERISA standing argument and also fail to sufficiently challenge Plaintiff's standing by arguing that ERISA does not apply to the Program. *See* Defs.' Mot Dismiss 4. The issue of standing turns on whether ERISA applies to the Program and Plaintiff may then be considered a participant under the Program so that he has a viable claim under ERISA. At this point in the proceeding, it is not clear whether ERISA applies to the Program, but it is clear that Plaintiff has established a claim upon which relief may be granted. This issue is a factual inquiry appropriate for the summary judgment stage after appropriate discovery because if a plan exists

within the confines of ERISA is "a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person." *Deibler v. United Food & Commercial Workers' Local Union 23*, 973 F.2d 206, 209 (3d Cir. 1992). Plaintiff's Amended Complaint demonstrates Plaintiff has standing to bring an ERISA cause of action by sufficiently establishing that a colorable claim exists in which relief may be granted in Plaintiff's favor. *See* Am. Compl. For these reasons, Defendants Motion to Dismiss Count I of the Amended Complaint is denied on this ground.

### B. Earnings Under the Program

Defendants' second ground in support of their Motion to Dismiss seeks to dismiss all Counts, in whole or in part, arguing that Plaintiff has failed to state a claim upon which relief may be granted alleging "the settlement payment cannot be considered Earnings under the Pension Plan or Program because it was 'special compensation,' which is excluded from the definition of earnings, and was not paid 'for services.'" Defs.' Mot. Dismiss 11. In support of this argument, Defendants assert that as the Program does not define "covered earnings," the definition of "covered earnings" is intended to be the definition under the Pension Plan. Id. For purposes of the Program, the payment does not compensate Plaintiff for services rendered, and lastly the payment was made after Plaintiff was dismiss so it cannot be considered compensation for services rendered.

In opposition, Plaintiff argues that the Program does not define "covered earnings" and also Defendants' reliance on the Pension Plan is misguided since Plaintiff has not asserted any claims against the Pension Plan nor alleged that he is owed benefits under the Pension Plan. Pl.'s Opp'n Defs.' Mot. Dismiss 15. Plaintiff argues that as a result his Amended Complaint adequately pleads a claim for unpaid benefits. In doing so, Plaintiff asserts that Defendants' argument is

11

flawed because Defendants request that the Court review three separate documents: the Program, the Pension Plan, and the Agreement. Id. 14. Plaintiff further contends that Defendants' argument does not address whether Plaintiff has failed to state a claim, but rather again highlights the need for discovery as it will reveal that the Program is an ERISA pension plan "due to the 'surrounding circumstances', which includes the treatment, interpretation and administration of the Program in conjunction with the Pension Plan." Id. 15. Plaintiff also cites to the Agreement, arguing that because the Agreement states the following:

> Linde will pay the total sum of one Million and Fifteen Thousand Dollars ($1,015,000.00) in settlement of the dispute. The amount will comprise one (1) Payment from Linde to Weller and the parties agree that Linde shall issue an IRS Form W-2 concerning the payment (Weller Decl., Exhibit A at p. 4,§ 2 (a))

it fails to characterize the settlement amount as "special compensation", severance or like. Id. 16. As the Court " draw all reasonable inferences in favor of the non-moving party," the Court finds that Plaintiff has established a claim upon which relief may be granted and as discussed above the factual inquiries created by the current issues are factual in nature appropriate for resolution at the summary judgment stage. *See Phillips,* 515 F.3d at 234; *Deibler*, 973 F. 2d at 209. Thus, the Court denies Defendants' Motion to Dismiss Count I on this ground.

### C. Preemption

Lastly, Defendants plead, in the alternative, that if the Program is governed by ERISA then Plaintiff's state law claims for Breach of Contract (Count II) and Breach of the Covenant of Good Faith and Fair Dealing (Count III) are preempted by ERISA. Defs.' Mot. Dismiss 13. However at this point in the juncture, it is not clear whether this action is covered by ERISA or whether the payment under the Agreement due to the Plaintiff qualifies as earnings or compensation, therefore the Court declines to address this issue at this stage in the proceeding.

## CONCLUSION

For the reasons set forth above, the Court denies Defendants' Motion to Dismiss Plaintiff's Complaint. An appropriate Order accompanies this Opinion.

DATED: January 30, 2017

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

13